IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES DANIELS, III, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:17-CV-600-MHT |
| | ) |
| LARRY NIXON, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

James Daniels, III, an indigent inmate, initiated this 42 U.S.C. § 1983 action on September 8, 2017. In the initial pleading, Daniels sought to challenge a myriad of unrelated actions which occurred during his incarceration at the Autauga Metro Jail.

Upon review of the complaint, the court found it necessary for Daniels to file an amended complaint and entered orders to effectuate the filing of such a complaint. The Clerk mailed a copy of each order entered in this case to the plaintiff at the last address he provided for service.[1] The postal service returned the order entered on December 13, 2017 (Doc. No. 9) as undeliverable. Based on the returned mail, the court entered an order requiring Daniels to inform the court of his current address on or before January 10, 2018. Doc. No. 10. The order specifically advised Daniels that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Doc. No. 10 at 1-2. As of the present day, the court has received no response from Daniels to the

---

[1] The last address provided to the court by Daniels is the Autauga Metro Jail.

aforementioned order nor has he provided the court with his current address as is necessary to proceed before this court. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the administration of this case cannot properly proceed in Daniels's absence. It likewise appears that since his release from the Autauga Metro Jail Daniels is no longer interested in the prosecution of this case. Consequently, the court concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice as the administration of this case cannot proceed in the plaintiff's absence.

On or before **January 29, 2018**, the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of January, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE